IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                                                                  CIV. No. 96-1507 JP/RLP

**STEVEN THOMAS ROBINSON,**
a/k/a Steven T. Robinson
a/k/a Steven Robinson

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is the Court's Minute Order Setting Hearing on the Plaintiff's "Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt," entered December 11, 1997.  A hearing on this motion was held on January 6, 1998 in front of Judge Puglisi.  The Defendant, Steven Thomas Robinson, failed to appear.

A review of the history of this case reveals that the Defendant has repeatedly refused to appear before the Court or to otherwise obey an order of the Court.  On May 5, 1997 a default judgment was entered against the Defendant.  On September 29, 1997 the Plaintiff filed a Motion to Compel the Defendant to Answer Interrogatories in Aid of Execution of the Judgment. The Plaintiff's motion was granted, but the Defendant did not answer the interrogatories.  On November 5, 1997 Plaintiff filed a Motion for an Order to Show Cause Why the Defendant Should Not Be Held in Contempt of Court.  On December 11, 1997 the Court entered a Minute Order setting a hearing on the Plaintiff's Motion for an Order to Show Cause on January 6, 1998

at 9:30 a.m.  On January 6, 1998 the Defendant failed to appear for the hearing.  On March 13, 1998 Judge Pulgisi entered an Order certifying to the United States District Court the issue of whether Defendant was in contempt of court.  The Order also set a hearing on March 31, 1998 at 3:00 p.m. and directed the Defendant to appear and to show cause why he should not be adjudged in contempt of court.  On March 31, 1998 Defendant again failed to appear in court.

The inherent power of all courts to order the confinement of a contemnor is firmly established.  <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991).  A court is justified in holding a party in civil contempt for failure to comply with an order of the court when: (1) the court's order was clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has failed to make reasonably diligent efforts to comply.  <u>New York State Nat'l Org. for Women v. Terry</u>, 886 F.2d 1339, 1351 (2d Cir. 1989), <u>cert. denied</u>, 495 U.S. 947 (1990).  Sanctions for civil contempt resulting from actions occurring outside the courtroom, such as the Defendant's refusal to answer interrogatories in compliance with the Court's order, are designed to compel future compliance with a court order.  See <u>International Union, United Mine Workers of America v. Bagwell</u>, 512 U.S. 821, 827 (1994).  In an ordinary civil proceeding, such sanctions may be imposed upon notice and an opportunity to be heard.  <u>Id</u>.  Proof beyond a reasonable doubt and a jury trial are not necessary.  <u>Id</u>.  A civil contempt sanction typically involves confining a contemnor until he complies with an affirmative command.  <u>Id</u>.  A court may confine a civil contemnor only "when the contemnor is given the option of earlier release if he complies . . . . [and] is able to purge the contempt and obtain his release by committing an affirmative act."  <u>Id</u>.  Civil contempt therefore performs a remedial and not a punitive function.  <u>Id</u>.

In this case, the Court's October 7, 1997 Order compelling the Defendant to answer

interrogatories was clear and unambiguous. There is clear and convincing evidence that Defendant has not complied with the Court's Order. Finally, the Defendant has had ample opportunity to either comply with the Court's October 7, 1997 Order or to explain his noncompliance. Defendant has failed to make reasonably diligent efforts to comply with the Order.

Thus, Defendant is in contempt of court for failure to comply with the Order entered October 7, 1997 compelling him to answer interrogatories.

IT IS THEREFORE ORDERED that an arrest warrant be issued for Defendant Steven Thomas Robinson, who will be taken into and remain in custody until he appears before the Court and provides answers and information in response to the interrogatories previously served upon him.

_____
UNITED STATES DISTRICT JUDGE